[751 NYS2d 888]

In the Matter of ALAN D. GOLDSTEIN, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, October 1, 2002

**APPEARANCES OF COUNSEL**

*Roderick Quebral, Principal Counsel, Eighth Judicial District Grievance Committee,* Buffalo, for petitioner.

*Joel L. Daniels,* Buffalo, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on January 13, 1970, and maintains an office for the practice of law in Buffalo. The Grievance Committee filed a petition charg-

ing respondent with acts of professional misconduct, including neglect. Respondent filed an answer denying the material allegations of the petition, and a Referee was appointed to conduct a hearing. Prior to the hearing, the parties executed a stipulation resolving outstanding issues of fact. After a hearing on matters in mitigation, the Referee filed a report, which the Grievance Committee moves to confirm. Respondent cross-moves to confirm the Referee's findings in mitigation.

Respondent retained and used for personal purposes funds of a client because he erroneously believed the funds were issued to him in payment of his fee. Additionally, respondent failed to complete matters on behalf of several clients.

We confirm the findings of fact made by the Referee and conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him;

DR 9-102 (b) (4) (22 NYCRR 1200.46 [b] [4])—failing to keep in a special account funds belonging in part to a client and in part potentially to him;

DR 9-102 (c) (1) (22 NYCRR 1200.46 [c] [1])—failing to notify a client or third person promptly of the receipt of funds in which the client or third person has an interest; and

DR 9-102 (c) (4) (22 NYCRR 1200.46 [c] [4])—failing to pay or deliver promptly to a client or third person as requested funds in his possession that the client or third person is entitled to receive.

We have considered the matters submitted in mitigation, including that during the time period when the misconduct occurred, respondent was handling a large volume of criminal cases. He has since hired additional staff and made changes in his office procedures in order to ensure that matters are handled more efficiently. Accordingly, we conclude that respondent should be censured.

GREEN, J.P., WISNER, SCUDDER, GORSKI and LAWTON, JJ., concur.

Order of censure entered.