[844 NYS2d 771]

In the Matter of GREGORY G. McPHEE, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, November 9, 2007

**APPEARANCES OF COUNSEL**

*Andrea E. Tomaino, Principal Counsel, Seventh Judicial District Grievance Committee,* Rochester, for petitioner.

*Gregory G. McPhee,* Manlius, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on June 21, 2000, and formerly maintained offices for the practice of law in Syracuse and Brewerton. The Grievance Committee (petitioner) filed a petition charging respondent with acts of professional misconduct arising from his representation of five clients in criminal matters. Respondent filed an answer denying material allegations of the petition and a referee was appointed to conduct a hearing. Respondent failed to appear on the scheduled hearing date, and the hearing proceeded in his absence. The Referee filed a report, which petitioner moves to confirm. Respondent failed to respond to the motion or to appear before this Court on the return date.

The Referee found that respondent accepted legal fees from four incarcerated clients, failed to complete the work for which he was retained and refunded no part of the legal fees. Additionally, the Referee found that respondent failed to appear at a scheduled court date on behalf of another client in a criminal matter, failed to return the client's telephone calls and moved from his law office without notifying the client. Finally, the Referee found that respondent failed to comply timely with requests from petitioner for information and for responses to client complaints, requiring petitioner to obtain a subpoena from this Court.

We confirm the findings of fact made by the Referee and conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 2-110 (a) (2) (22 NYCRR 1200.15 [a] [2])—withdrawing from employment without taking steps to the extent reasonably

practicable to avoid foreseeable prejudice to the rights of the client;

DR 2-110 (a) (3) (22 NYCRR 1200.15 [a] [3])—failing to refund promptly any part of a fee paid in advance that has not been earned;

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him;

DR 7-101 (a) (2) (22 NYCRR 1200.32 [a] [2])—intentionally failing to carry out a contract of employment entered into with a client for professional services; and

DR 7-101 (a) (3) (22 NYCRR 1200.32 [a] [3])—intentionally prejudicing or damaging a client during the course of the professional relationship.

We have considered, in determining an appropriate sanction, the finding of the Referee that there are no mitigating factors in this matter. We note, in this regard, our agreement with the contention of petitioner that respondent's conduct in electing to certify his retirement from the practice of law during the pendency of petitioner's investigation should have no bearing on the sanction imposed. We have also considered the aggravating factors found by the Referee, including respondent's deliberate failure to appear for the hearing and his contact, prior to the hearing, with two of petitioner's prospective witnesses for the purpose of persuading the witnesses to sign statements that the witnesses termed false. Finally, we have considered the failure of respondent to respond to the motion filed by petitioner or to appear before this Court on the return date. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended for two years and until further order of the Court.

HURLBUTT, J.P., MARTOCHE, SMITH, CENTRA and PERADOTTO, JJ., concur.

Order of suspension entered.