[849 NYS2d 830]

In the Matter of Alan D. Goldstein, an Attorney, Respondent. Grievance Committee of the Eighth Judicial District, Petitioner.

Fourth Department, February 1, 2008

APPEARANCES OF COUNSEL

*Guy C. Giancarlo, Associate Counsel, Eighth Judicial District Grievance Committee*, Buffalo, for petitioner.

*Joel L. Daniels*, Buffalo, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on January 13, 1970, and formerly maintained an office for the practice of law in Buffalo. The Grievance Committee filed a petition charging respondent with acts of misconduct including misappropriation of client funds. Respondent filed an answer denying material allegations of the petition, and a referee was appointed to conduct a hearing. Prior to the hearing, the parties executed a stipulation resolving outstanding issues of fact. The Referee filed a report based upon the stipulation, which the Grievance Committee moves to confirm.

Respondent admits, and the Referee found, that he accepted a legal fee and filing fees from a client to commence an action for breach of contract, failed to deposit the funds into his trust account, failed to commence the action and made misrepresentations to the client regarding the status of the matter.

Additionally, respondent admits that, in his representation of a client in a criminal matter, he accepted cash from the client's family to secure a bail bond, that he did not count the cash or provide the family with a receipt, and that he merely gave the cash to a bail bondsman from whom he accepted a receipt for the amount of $3,260. The Referee found, however, that the client's family had paid the sum of $5,000 to respondent to secure the bond.

The Referee further found that, while representing a client during the course of a federal criminal investigation, respondent allowed an associate attorney to represent an alleged coconspirator of the client. During the course of the representation, the associate attorney negotiated agreements with federal prosecutors on behalf of the coconspirator that were adverse to the interests of respondent's client, and the same associate was permitted to appear on behalf of respondent's client at a postindictment status conference.

Finally, respondent admits, and the Referee found, that respondent accepted funds from a client for the payment of restitution and, although he had not deposited the funds into

his trust account, respondent issued a check drawn against the account in payment of the restitution, thereby misappropriating the funds of other clients.

We confirm the findings of fact made by the Referee and conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 5-105 (b) (22 NYCRR 1200.24 [b])—continuing multiple employment if the exercise of independent professional judgment on behalf of a client will be or is likely to be adversely affected by his representation of another client, or if it would be likely to involve him in representing differing interests, and a disinterested lawyer would not believe that he or she could competently represent the interest of each client and each client did not consent to the representation after full disclosure of the implications of the simultaneous representation and the advantages and risks involved;

DR 5-105 (d) (22 NYCRR 1200.24 [d])—while associated with another lawyer in a law firm, knowingly accepting or continuing employment when one of the attorneys, if practicing alone, would be prohibited from doing so;

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him;

DR 7-101 (a) (2) (22 NYCRR 1200.32 [a] [2])—intentionally failing to carry out a contract of employment entered into with a client for professional services;

DR 7-101 (a) (3) (22 NYCRR 1200.32 [a] [3])—intentionally prejudicing or damaging a client during the course of the professional relationship;

DR 9-102 (a) (22 NYCRR 1200.46 [a])—misappropriating client funds;

DR 9-102 (b) (1) (22 NYCRR 1200.46 [b] [1])—failing to maintain client funds in a special account separate from his business or personal accounts;

DR 9-102 (b) (2) (22 NYCRR 1200.46 [b] [2])—failing to identify special bank accounts in a proper manner; and

DR 9-102 (c) (3) (22 NYCRR 1200.46 [c] [3])—failing to maintain complete records of all funds, securities and other properties of a client or third person coming into his possession

and to render appropriate accounts to the client or third person regarding them.

In determining an appropriate sanction, we decline to consider the submission of respondent that he has retired from the practice of law (*see Matter of McPhee*, 46 AD3d 202 [2007]). Additionally, we note that respondent has an extensive disciplinary history that includes a prior censure for similar misconduct (*Matter of Goldstein*, 299 AD2d 32 [2002]). Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended for one year and until further order of the Court. Additionally, we direct respondent to pay restitution in accordance with the order entered herewith.

HURLBUTT, J.P., MARTOCHE, SMITH, CENTRA and PERADOTTO, JJ., concur.

Order of suspension entered.